THE CAPE MAY AND SCHELLENGER'S LANDING RAILROAD COMPANY

*v.*

THE CITY OF CAPE MAY.

| 35 | 419 |
|----|-----|
| 52 | 482 |
| 35 | 419 |
| 158 | 85 |
| 35 | 419 |
| 67L | 515 |

1. There can ordinarily be no judicial restraint or interference with municipal corporations in the *bona fide* exercise of powers, legislative or discretionary in their nature, provided private rights are not violated.

2. But when the corporation has fulfilled its legislative functions, and exercised its legislative discretion, and is about to carry its legislation into effect, if vested rights are violated, or irreparable wrong will be inflicted, the courts may intervene.

3. The repeal of an ordinance will not operate to disturb private rights vested under it.

---

On application for injunction, heard on bill, answer and order to show cause.

*Mr. S. H. Grey,* for complainants.

*Mr. Peter L. Voorhees,* for defendants.

VAN FLEET, V. C.

This is an injunction bill.  The complainants seek to have the common council of the city of Cape May prohibited from passing a certain ordinance.  On the 21st day of May, 1881, an ordinance was regularly passed and approved, authorizing the complainants to construct a horse railroad, with the necessary turnouts, through certain streets of Cape May.  The complainants, under the authority thus given, proceeded to construct their road.  When the road was nearly completed, an ordinance was introduced repealing portions of the prior ordinance, and revoking the authority given to the complainants to use certain streets, in the construction of their road.  This ordinance has been read a second time, and is about to be put on its third reading and submitted to a final vote.  The complainants ask that the common council be enjoined from passing it.  It is not averred, or shown, that the city authorities intend, in the event that the repealing ordinance is passed and takes effect, to order the track of the complainants removed, or to tear it up.  The bill simply alleges that unless the common council are restrained, they will pass the ordinance.  Under the provisions of the charter of Cape May, before an ordinance can take effect as a law, it must be passed by the common council, be approved by the mayor, and then be published for two weeks in the newspapers of the city.

Whatever doubts may have before existed, respecting the power of the courts to control the acts of municipal corporations, they seem now to be at rest, and the line defining in what cases they may intervene, and in what they should not, seems to be marked distinctly and with precision.  The rule upon this subject is stated with perspicuity by Judge Dillon, as follows :

"There can, ordinarily, be no judicial restraint or interference with the *bona fide* exercise of powers, legislative or discretionary in their nature, and which do not violate private rights." *2 Dillon on Mun. Corp. (3d ed.)* § *908.*

Chancellor Zabriskie, in speaking upon the same topic, says : "All legislative acts, or exercise of discretionary powers, within their authority, are beyond the control of the courts, however un-

wise, or impolitic, or even when done from corrupt motives, or for unworthy purposes. Their legislative powers are, when exercised within their authority, supreme. But when the corporation have fulfilled their legislative functions, and have exercised their legislative discretion,"—and are about carrying their legislation into execution, then, if the effect of their act is to violate vested rights or inflict irreparable wrong, the courts may properly intervene. *Bond* v. *City of Newark, 4 C. E. Gr. 376, 384.* Vice-Chancellor Dodd gave expression to similar views in *Schumm* v. *Seymour, 9 C. E. Gr. 143, 147.*

There is no difficulty whatever in applying this rule to the case in hand. It falls, indeed, directly within it. The court cannot grant the complainants' application, unless it is willing to attempt to control the defendants in the exercise of their legislative authority. It may be that the act the defendants propose to do will be without legal force. That, unquestionably, will be its condition if its effect is to take away any rights previously granted. The repeal of an ordinance will not operate to disturb private rights vested under it. *1 Dillon on Mun. Corp. (3d ed.)* § *314.* But on this application, the court has nothing to do with the effect of the proposed ordinance. The question to be answered now is, can the court interdict its passage? Both principle and authority oppose the exercise of such power by the court.

Had the defendants in this case admitted, as did the defendants in *Paterson and Passaic H. R. Co.* v. *City of Paterson, 9 C. E. Gr. 158,* that their purpose in introducing the repealing ordinance was to pass it, in order that they might, under its authority, tear up the complainants' track, then, inasmuch as it would have clearly appeared, by the confession of the defendants, that they had, in advance of the passage of the ordinance, determined to do the complainants an irreparable wrong, and simply used the ordinance as a means to an unlawful end, I should not hesitate to advise that the course adopted in that case should be taken in this. The defendants in that case openly avowed that they intended to pass the ordinance for the purpose of depriving the complainants of their vested rights. No such

Cape May and Schellenger's Landing R. R. Co. v. Johnson.

purpose is averred or shown in this case. On the contrary, I think the court is bound to believe, upon the facts before it, that the defendants are acting in good faith, and with an honest purpose to put the question in dispute between themselves and complainants in such form that it may be judicially decided. Unless the defendants are allowed to pass the repealing ordinance, the question whether it is valid or not can never be raised. That is a question belonging exclusively to another tribunal, and consequently it seems very clear to my mind that this court should do nothing which shall prevent either party from presenting that question to the appropriate tribunal for determination.

The injunction will be refused, and the complainants' bill dismissed, with costs.